UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DAVID R. BISHOP, JR.,<br><br>　　　　　Defendant. | No. 2:17-CR-00182-TOR-2<br><br>ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT AND SETTING RELEASE CONDITIONS<br><br>**MOTION DENIED**<br>**(ECF No. 8)** |

　　　At Defendant's October 31, 2017, initial appearance and arraignment based on an Indictment, Defendant appeared, in custody, Assistant Federal Defender David Fletcher. He was advised of, and acknowledged, his rights. Assistant U.S. Attorney Patrick J. Cashman represented the United States.

　　　Defendant, on his plea of not-guilty, is bound over to the United States District Court for trial.

　　　This Court conducted a detention hearing in the above-captioned case. The Court has considered the Pretrial Services Report, ECF No. 11, and the argument of counsel.

　　　The United States, in seeking Defendant's detention, contended Defendant, if released, would present a risk of flight and a danger to the safety of the community.

ORDER - 1

Pursuant to 18 U.S.C. § 3142, this Court has taken into account the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

The Court finds the United States has not established by the required preponderance of evidence an absence of conditions or combination of conditions that would reasonably assure this Defendant's presence at trial and has not established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community.

**IT IS ORDERED** the United States' Motion for Detention, **ECF No. 8**, is **DENIED**.  The release of the Defendant is subject to the following:

### STANDARD CONDITIONS OF RELEASE

(**1**)   Defendant shall not commit any offense in violation of federal, state or local law.  Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement.  Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

(**2**)   Defendant shall reside at an address approved by Pretrial Services, and immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

(**3**)   Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)**    Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(5)**    Defendant shall not possess a firearm, destructive device or other dangerous weapon.

**(6)**    Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)**    Defendant shall contact defense counsel at least once a week.

**(8)**    Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)**    Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**(10)**    Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

## ADDITIONAL CONDITIONS OF RELEASE

**(12)**    Maintain or actively seek lawful employment.

**(14)**    Defendant shall remain in the Eastern District of Washington while the case is pending. By timely motion clearly stating whether opposing counsel and Pretrial Services object to the request, Defendant may be permitted to travel outside this geographical area.

**(15)**    Avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim or potential witness in the

ORDER - 3

subject investigation or prosecution. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

**(16)** Avoid all contact, direct or indirect, with known felons or Co-Defendant(s). Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

## SUBSTANCE ABUSE EVALUATION AND TREATMENT

If Defendant is required to submit to a substance abuse evaluation, inpatient or outpatient treatment, the following shall apply:

Defendant shall complete treatment indicated by an evaluation or recommended by Pretrial Services and shall comply with all rules of a treatment program. Defendant shall be responsible for the cost of testing, evaluation and treatment, unless the United States Probation Office should determine otherwise. The United States Probation Office shall also determine the time and place of testing and evaluation and the scope of treatment.

Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

Following any evaluation or treatment ordered here, Defendant shall complete any recommended aftercare program.

**If Defendant terminates any treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer.**

**If Defendant leaves an inpatient program before treatment is completed, the treatment facility and Defendant shall immediately notify the U.S. Probation Officer or, if the U.S. Probation Officer is unavailable, the U.S. Marshal, who shall in turn immediately notify the undersigned. Defendant shall comply with all directives of the U.S. Probation Officer.**

ORDER ~ 4

*PROVIDED* that Defendant's treatment and release from custody is on the express condition that treatment not hinder or delay the adjudication of this case, and that Defendant appear in person when required regardless of treatment status, and maintain adequate contact with defense counsel.

**(24)** **Substance Abuse Evaluation**: Defendant shall participate in a substance abuse evaluation and complete any recommended follow-up treatment as directed by U.S. Probation.

If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to insure that the motion is promptly determined.

**IT IS SO ORDERED**.

DATED October 31, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 5