Amy H. Rubin
Federal Defenders of Eastern Washington and Idaho
10 N Post Suite 700
Spokane, Washington 99201
(509) 624-7606

Attorneys for the Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable THOMAS O. RICE

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>  v.<br><br>David R. Bishop,<br><br>        Defendant. | No. 2:17-CR-0182-TOR-2<br><br>SENTENCING RECOMMENDATION |

SENTENCING RECOMMENDATION

1

Sometimes screening your calls is for the best. And that is precisely what David Bishop should have done when he received call after call after call from James T. McGuire who was being held in the county jail ordering David what to do, where to go and who to talk to.

## I.    Background

Between the dates of April 8, 2017 and May 4, 2017, Mr. McGuire maintained regular contact with David Bishop instructing him to clean out his residence, telling him to go to his home, ordering him grab the drugs and instructing him who to sell the drugs to. While both David and McGuire were charged as co-defendants in the underlying matter, they both played two very different roles and should be sentenced very differently.

Mr. Bishop was arrested on October 31, 2017 pursuant to a warrant and transported from Wenatchee to Spokane. He appeared for his arraignment on October 31, 2017 and was arrested shortly after his court appearance. He has been compliant since his release from custody over 2 years ago.

After his arrest, David returned to Wenatchee and within a few weeks of his arrest began working at Papa Murphy's pizza. He quickly moved up with the company and is one of their most valued employees. In addition to working full-time, Mr. Bishop began community service work by delivering extra pizzas to the local firemen and firewomen and to Lighthouse Ministries which is a homeless shelter and soup kitchen in Wenatchee.

SENTENCING RECOMMENDATION

2

He has also been mentoring high school students helping them prepare for college and life.

David cannot change his involvement with this case, but he has tried to give back every day since his release from custody. He is truly more valuable to this community by being in the community versus being apart from it.

**II.     Discussion**

David respectfully recommends a time served, followed by 5 years of supervision. At sentencing, the Sentencing Reform Act instructs courts to impose only what is necessary to achieve the Act's goals – the bare minimum and nothing more. *U.S. v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012)("[a] substantively reasonable sentence is one that is 'sufficient, but not greater than necessary'")(quoting 18 U.S.C. § 3553(a)(emphasis added))[1].

Although guideline ranges are relevant, the Supreme Court bars district courts "from presum[ing] that the Guideline range is reasonable," *Gall v. U.S.*, 552 U.S. 38, 49–50 (2007); instead, sentencing judges must focus on deterrence, retribution, incapacitation,

---

[1] Mr. Bishop reserves the right to supplement his sentencing recommendation if needed.

SENTENCING RECOMMENDATION

3

and rehabilitation. *See* 18 U.S.C. § 3553(a)(1), (2)(A)–(D);[2] *see also Rita v. U.S.*, 551 U.S. 338, 366 (2007) (Stevens, J., concurring) (noting guidelines are "truly advisory"). With that discretion, courts are "free to make [their] own reasonable application of the § 3553(a) factors, and to *reject* (after due consideration) the advice of the Guidelines"— which should not have "any thumb on the scales." *Kimbrough*, 552 U.S. 85, 113 (2007) (Scalia, J., concurring) (emphasis added).

### A. Minor Role

David played a minor role in this offense. David was not involved with McGuire's drug distribution business prior to the phone calls that occurred between April 8, 2017 and May 4, 2017. He was not a part of the McGuire's drug distribution prior to April 8, 2017 or after May 4, 2017. The man calling the shots was James McGuire. Every phone call from the jail was McGuire telling David what to do, where to go and who would be coming by to purchase drugs. McGuire's role in this drug distribution is far more

---

"Deterrence, incapacitation, and rehabilitation are prospective and societal—each looks forward and asks: What amount and kind of punishment will help make society safe? In contrast, retribution imposes punishment based upon moral culpability and asks: What penalty is needed to restore the offender to moral standing within the community?" *United States v. Cole*, 2008 WL 5204441, at *4 (N. D. Ohio Dec. 11, 2008).

SENTENCING RECOMMENDATION

significant and far more substantial. In comparison to David, he was the leader and the organizer.

To treat these two individuals, the same would be a travesty. David and McGuire's role are not the same. One was in charge and one was simply following orders. Both the guidelines and 18 U.S.C. § 3553 allow this Court to evaluate the role of the individual and sentence according to that role. Counsel respectfully requests a variance based on David's role versus that of McGuire

**B. Post-Conviction Rehabilitation**

The most accurate way of measuring one's commitment to change is not by what he or she has done that was expected of them, but by what they continue to do that is not. Since arraignment, David has established a perfect compliance record:

No pretrial violations

Employed full-time

Completely free from drug relapse

Community involvement

When David met with the state law enforcement officer in May or June of 2017 regarding his involvement in the instant matter, he was led to believe there would be no charges. From that conversation he thought he was free to move forward with his life and so he did. He made plans in the fall of 2017 to fly to Louisiana to volunteer for hurricane relief efforts as a result of the destruction and damage caused by Hurricane Maria. He

SENTENCING RECOMMENDATION

5

was scheduled to leave for Louisiana the day after his arrest in the federal case. In fact, one of the law enforcement officers transporting him from Wenatchee to Spokane assisted him in getting a refund for his ticket.

David is known by his family and friends for his big heart and willingness to help others. Most of the time, these decisions result in good things, but there are times when the decision to help a friend has put David at risk. And the case before this Court is exactly that.

There is no excuse for what David did in this case, but as indicated above he is trying to turn a poor decision into a good one. He was employed within a couple of weeks of his release and he has never looked back. The door that opened with this case has been something David feels has turned into something very positive. He loves working for Papa Murphy's, but more than that he loves what he has been able to do with the assistance of such an amazing business and group of people.

To be able to deliver extra food to the homeless shelter and to firemen and firewomen in the community feels good. He does this every week on his off time because of the difference it makes to others. To know that you are helping either those in need or those that serve your community is something David is very proud of. Further, David feels very strongly about helping veterans who are a part of the Wenatchee community. He often buys them pizza out of his own pocket to thank them for their service to our country.

SENTENCING RECOMMENDATION

In addition to the community program he has created with Papa Murphy's, David takes great pride in the work he has done with the younger people that are working with Papa Murphy's. He has mentored multiple kids by either helping them prepare for college or by offering his friendship to kids who do not necessarily have the most stable home life. Recently, he was able to donate a car to a student that needed assistance in getting back and forth to school. This type of mentorship means something to both David and to the students who have been able to make positive changes as a result of David's mentoring.

David's work extends beyond his community and his family would talk about the kindness and the importance of presence in their lives. His cousin's daughter recently wanted to start taking piano lessons, but her family was not able to afford a piano. David took it upon himself to purchase a piano for his niece so she would be provided with an opportunity to learn music.

David's involvement with the co-defendant and drug distribution is inexcusable. He understands this with all of his heart. Everything David has done since his release in this case is important in considering an appropriate sentence. Since *Koon v. United States*, 116 S. Ct. 2035 (1996), there exists a long life of cases supporting post offense rehabilitation as a valid basis for departure and/or variance from the sentencing

SENTENCING RECOMMENDATION

7

guidelines.[3] Even if the guidelines were a valuable starting point, David's extraordinary rehabilitation merits a downward variance.

### C. The need to treat the co-defendants differently

The Court may be concerned that a sentence of probation would differ too much from the sentence imposed on co-defendant James McGuire. That difference is warranted.

Two pillars of the Sentencing Reform Act are recidivism and rehabilitation. See 18 U.S.C. § 3553(a)(2)(B), (D). During the pretrial phase on the state case, McGuire showed he is a higher risk of recidivism than David with little chance of rehabilitation. Specifically, McGuire was released from state custody on May 10, 2017. He posted bail on the new charges he was facing. Two days later, McGuire was contacted at his residence by DOC. Initially, he did not answer the door. Eventually, DOC contacted McGuire at the home he said he was not at and searched the home. DOC located a large amount of marijuana in his bedroom that was well over the legal limit. He was arrested on DOC violations and booked into jail. And this was all 2 days after he bailed out on the

---

[3] *See, e.g., United States v. Sally*, 116 F.3d 76 (3rd Cir. 1997); *United States v. Brock*, 108 F.3d 31 (4th Cir. 1997);
*United States v. Rudolph*, 190 F.3d 720 (6th Cir. 1999); *United States v. Core*, 125 F.3d 74 (2nd Cir. 1997);
*United States v. Townsend*, 178 F.3d 558 (D.C. Cir 1999); *United States v. Sims*, 174 F.3d 911 (8th Cir. 1999)
*United States v. Green*, 152 F.3d 1202 (9th Cir. 1998).

SENTENCING RECOMMENDATION

8

state charges.  Within 2 days, he violated his conditions of release, his DOC conditions and charged with illegal possession of marijuana.

David arrives at sentencing in a vastly different boat.  He has established that he can and will avoid drugs, he can comply with conditions of release, has maintained lawful employment and has volunteered his time with the community.  He therefore arrives at sentencing with a minimal likelihood of recidivism – David presents less danger to the community than McGuire.  The reality is he presents no danger.

Courts most often worry about disparity, treating similar defendants differently. But courts are more and more recognizing the false-uniformity trap: treating different defendants alike based on nothing more than drug-weights.  *See U.S. v. Ibarra-Sandoval*, 265 F. Supp. 3d 1249, 1256 (D.N.M. 2017); *U.S. v. Cabrera* 567 F. Supp. 2d 271, 273 (D. Mass 2008) ("False uniformity occurs when we treat equally individuals who are not remotely equal because we permit a single consideration, like drug quantity, to mask other important factors.").

### D. Supervision provides deterrence

Some defendants have little to lose and supervision provides little deterrence. That is not the case here. Mr. Bishop has a full-time job that offers him medical insurance and with his recent medical issues he has every reason to comply—*continue* complying— with the Court's rules.  Further he has established himself in a community that counts on him – the shelter, firefighters, students, the homeless and veterans.  Supervision will be a

SENTENCING RECOMMENDATION

9

hammer the Court continues to wield if Mr. Bishop fails to remain clean, sober, employed, and caring for his community.

A lengthy sentence is unnecessary for deterrence; supervision will perform that role ably.

### III. Conclusion

Based on the foregoing, counsel for Mr. Bishop respectfully requests the Court follow the recommendation provided in this memorandum.

SENTENCING RECOMMENDATION

Dated: January 21, 2020

                      Respectfully Submitted,

                      <u>S/Amy H. Rubin</u>
                      Amy H. Rubin, GA 618349
                      Attorneys for David Bishop
                      Federal Defenders of
                      Eastern Washington and Idaho
                      10 N Post Suite 700
                      Spokane, Washington 99201
                      (509) 624-7606
                      (509) 747-3539
                      Email: Amy_Rubin@fd.org

SENTENCING RECOMMENDATION

# CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: PATRICK CASHMAN, Assistant United States Attorney.

S/Amy H. Rubin
Amy H. Rubin, GA 618349
Attorneys for David Bishop
Federal Defenders of
Eastern Washington and Idaho
10 N Post Suite 700
Spokane, Washington 99201
(509) 624-7606
(509) 747-3539
Email: Amy_Rubin@fd.org

SENTENCING RECOMMENDATION